IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William B. Chappie,          )<br>                              )<br>           Plaintiff,    )<br>                              )<br> v.                           )<br>                              )<br> United States of America,    )<br>                              )<br>           Defendant.    )<br>_____) | No. 8:13-cv-1790-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending this Court grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment. (Dkt. No. 36). As set forth below, the Court adopts the R&R as the order of the Court.

## Background

Plaintiff, a prisoner at the Estill Federal Correctional Institution, filed this action pro se alleging a violation of the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, arising from his medical care while incarcerated. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC, this case was automatically referred to a United States Magistrate Judge for pretrial proceedings. Defendant then filed a motion for summary judgment. (Dkt. No. 20). Plaintiff then filed a response opposing the motion, (Dkt. Nos. 23, 24), and his own motion for summary judgment, (Dkt. No. 26). The Magistrate Judge then issued the present R&R. (Dkt. No. 36). Plaintiff then filed objections to the R&R. (Dkt. No. 39).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

1

this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and Plaintiff's objections, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and wholly adopts the R&R as the order of the Court. The Court agrees that Defendant is entitled to summary judgment on Plaintiff's claim under the Federal Tort Claims Act for medical negligence because Plaintiff has not complied with South Carolina's expert affidavit requirement, S.C. Code §§ 15-36-100 and 15-79-125, and because the medical records on file and accurately summarized by the Magistrate Judge reveal that Plaintiff was provided with adequate and reasonable medical care.

Plaintiff's objections do not affect this analysis. First, Plaintiff objects that an expert affidavit is not required in this case since common knowledge reveals that those providing him care were negligent. However, whether an expert affidavit is required depends on whether the claim arises from medical services provided to a patient in a professional capacity or from the "medical providers' ordinary obligation to reasonably care for patients with respect to nonmedical, administrative, ministerial, or routine care." *Dawkins v. Union Hosp. Dist.*, 758 S.E.2d 501, 504 (S.C. 2014). Here, Plaintiff's claims clearly relate to the medical services he was provided in a professional capacity. Thus, an expert affidavit was required. Plaintiff's other

primary objection is that he was denied a surgery ordered by a doctor for twelve months. However, the Court agrees with the Magistrate Judge that Plaintiff misreads the record and that the doctor only referred Plaintiff to a specialist with instructions to perform surgery if indicated. (Dkt. No. 36 at 9). Plaintiff next contends that the Bureau of Prisons breached its duty owed to Plaintiff, and is fraudulently deceiving the court with falsified health records. (Dkt. No. 39 at 5-6). Plaintiff offers no evidence in support of these allegations. As such, the Court is not persuaded.

In Plaintiff's remaining objections, he contends that he was supposed to receive a check-up appointment for gastrointestinal ulcers six weeks after a medical examination. (Dkt. No. 39 at 4). Plaintiff asserts the check-up occurred twelve weeks after the examination instead of six weeks. Plaintiff claims the lack of promptness in healthcare is medical negligence. Plaintiff further proceeds in his objections by providing the Court with a summarization of his current health status, and asserts his condition is being exacerbated from a lack of medical care. (Dkt. No. 39 at 6-9). Plaintiff, for any of the above mentioned objections, offers no evidence as to what the appropriate standard of medical care is and has failed to demonstrate a deviation from the standard of care. The Court further agrees with the Magistrate Judge that the evidence shows that any delays were for Plaintiff's benefit in order to minimize the number of procedures performed on Plaintiff and the stress on his body. The Court finds Plaintiff's objections unavailing and unpersuasive.

## Conclusion

As set forth above, the Court adopts the R&R as the order of the Court. (Dkt. No. 36). Accordingly, the Court **GRANTS** Defendant's motion for summary judgment, (Dkt. No. 20), and **DENIES** Plaintiff's motion for summary judgment, (Dkt. No. 26).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

July 21, 2014
Charleston, South Carolina

4